DUNN vs. HALLETT, SEAVER & BURBANK.

[This case was brought forward from the last term, under ?4271 (a) of the Code.]

1. Where it appears from a bill of exceptions that the case was submitted to the court below on an agreed statement of facts, and no such agreed statement is set out, this court cannot consider an exception to the judgment based thereon.

2. Where the bill of exceptions shows that, at the time of submitting the case to the presiding judge, a record forming a part of the case was lost, and counsel agreed as to its contents, if such record was subsequently found and showed a different state of facts from those agreed upon by counsel, this court cannot review the judgment of the court below on the basis of such record. A judgment can only be reviewed by considering what was before the presiding judge when it was rendered.

March 13, 18-3.

Practice in Supreme Court. At February Term, 1883.

The bill of exceptions in this case contains, in brief, the following allegations: At the May Term, 1882, of Glynn superior court, there came on for trial, before Judge Tompkins, the case of Hallett, Seaver & Burbank vs. Blain & Harris, and D. T. Dunn, garnishee, being a *certiorari* from a justice's court, which had been remanded from the Supreme Court, with instructions to call into court certain notes from the hands of the garnishee for sale. Upon the return of the remitter, an order was taken calling on the garnishee to bring the notes into court to be sold to pay the judgment of Hallett, Seaver & Burbank vs. Blain & Harris; remainder to be held subject to the order of court. The respondent answered that, pending the *certiorari*, suits

were instituted against Blain & Harris in the county court, judgments were recovered, garnishments were issued, and the respondent was required, under order, to bring the notes into court for sale. He also alleged in his answer that full notice was given of the former answer in the justice court in answering the garnishments in the county court, and that notice of said garnishment proceedings in the county court were given to Hallett, Seaver & Burbank. To this answer Hallett, Seaver and Burbank filed a traverse, denying notice of the garnishment proceedings in the county court, or that the judgments in that court were the earliest in point of date. On the argument of this case, it was impossible to find the answer and traverse, "but the points made on the traverse were waived, and the case argued upon the presumption that the judgments in county court were younger than those in the case of Hallett, Seaver & Burbank, and that Hallett, Seaver & Burbank had no notice of proceedings in county court." The court asked whether Dunn had answered in the county court that he had been garnished in another court; being unable to find the papers, counsel stated that his recollection was that Dunn did not so answer in the county court. But the answer has since been found, and shows this to have been a mistake. It was admitted by counsel for both sides that the notes were sold by order of the county court, and could not therefore be produced in the superior court. The court rendered judgment in favor of the plaintiffs (copying it in full), and the garnishee excepted. Here ends the bill of exceptions.

The certificate of the presiding judge stated that the bill of exceptions was true "and together with the record in said cause, contains all the evidence material," etc. At the conclusion of the certificate appears the following: "I further certify and attach the subjoined letter dated 11th of July, 1882, and marked "A," and written by Messrs. Goodyear & Kay, as part of the record and bill of excep-

tions, as showing what was before the court when the judgment was rendered in May last." (Signed by the judge.)

Following this is a letter marked "A", directed to Judge Tompkins and signed "Goodyear, Harris & Kay, attorneys for D. T. Dunn, by Goodyear & Kay." This letter states that the writers forward to the judge the bill of exceptions "which does not conform to the agreed statement of facts upon which the case was decided in the portion marked with pencil lines, for the following reasons," etc. The letter then proceeds to recite the occurrences of the trial, and claims the right to use the answer of Dunn, since found, and concerning which the error in statement of counsel was made on the hearing.

The judgment excepted to, which is contained in the record and copied in the bill of exceptions, states that "upon agreed statement of facts in the above stated case, judgment is rendered," etc.

There was also an agreement of counsel contained in the record that the record "shall consist of the remitter from the Supreme Court, of date May 9th, 1877, the order calling D. T. Dunn to bring notes into court or to show cause to the contrary, the answer of D. T. Dunn thereto, the traverse to said answer, and the judgment of the court, of date May 23, 1882, thereon." And the record was sent up to the Supreme Court accordingly.

On the call of the case, counsel for defendant in error moved to dismiss the writ of error for the following reasons:

(1.) Because the record and bill of exceptions show that there was an agreed statement of facts, which is not in the bill of exceptions.

(2.) Because, if the letter attached to the bill of exceptions is properly before the court, it contradicts the bill of exceptions, but shows that there was an agreed statement of facts, which was nowhere set out; and an *ex parte* statement of what was done at the hearing could not take

the place of the agreed statement on which the judgment was based.

(3.) Because the certificate of the presiding judge referred to the record to supplement the bill of exceptions as to evidence; but the record contained no evidence, and was itself curtailed and limited by agreement of counsel.

The motion was sustained.

F. H. HARRIS; GOODYEAR & KAY, for plaintiff in error.

S. W. HITCH; IRA E. SMITH, for defendants.

JACKSON, Chief Justice.

The judgment of the court below was based upon an agreed statement of facts. To review it, those facts must appear in the bill of exceptions. They do not appear in this, and therefore error based on a judgment upon those facts does not appear and cannot appear here, so as to be reviewed.

Further, it appears that what was agreed upon as contained in a lost record is not true, as appears from the record since found, and that record is sought to be made part of the writ of error to a judgment not rendered on it, but on a mistake in regard to it, the court considering the recollection and agreement of counsel as to what the record contained in the place of the record, and adjudicating the point before it, not on the record as found, but on the agreement about it. So far as this case is concerned, the record cannot change what was before the judge below; because we review only his judgment on what was before him; and hence that record cannot be considered here.

Moreover, the letter appended to the bill of exceptions by order of the judge, from counsel for plaintiff in error, itself shows that the facts recited in the bill of exceptions are not the facts before the court below when the case was adjudicated.

So that the writ of error must be dismissed, first, be-cause the agreed statement of facts is not clearly set out in the bill of exceptions, and secondly, because what is therein set out is not the facts which were before the court below.

Writ of error dismissed.